# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>        Plaintiff,<br><br>    v.<br><br>**NISSAN MOTOR ACCEPTANCE CORPORATION,**<br><br>        Defendant. | Civil Action No.<br><br>**COMPLAINT** |

Plaintiff, the United States of America (the "United States"), by its undersigned attorneys, files this Complaint and alleges as follows:

## INTRODUCTION

1. The United States brings this action under the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901-4043, against Nissan Motor Acceptance Corporation (hereinafter referred to as "Defendant") for (1) violating the SCRA's prohibition against repossessing a motor vehicle from a servicemember during military service without a court order if the servicemember made a deposit or installment payment on the loan before entering military service, *see* 50 U.S.C. § 3952(a); and (2) failing to refund, on a *pro rata* basis, lease amounts – in the form of capitalized cost reduction ("CCR") – paid in advance by servicemembers who lawfully terminated their automobile leases upon receipt of qualifying military orders. *See* 50 U.S.C. § 3955(f).

2. The purpose of the SCRA is to provide servicemembers with protections to enable them to devote their entire energy to the defense needs of the Nation and to protect their civil rights during military service. *See* 50 U.S.C. § 3902. One of those protections is the requirement that a

court review and approve a lender's repossession of any motor vehicle owned by a servicemember if the servicemember took out the loan and made a deposit or an installment payment before entering military service. *See* 50 U.S.C. § 3952. The court may delay the repossession or condition the repossession on the refunding of all or part of the prior installments or deposits made by the servicemember. The court may also appoint an attorney to represent the servicemember, require the lender to post a bond with the court and issue any other orders it deems necessary to protect the rights of the servicemember.

3. A lender's failure to obtain a court order before repossessing a protected servicemember's motor vehicle violates that servicemember's federally protected right to have a court order repayment to the servicemember of all or part of the prior installments or deposits, stay the proceedings for a period of time as justice and equity require, or make any other equitable disposition to preserve the interests of all parties.

4. Another of the SCRA's protections is the right of a lessee to terminate a motor vehicle lease without penalty at any time after entering military service for a period of at least 180 days, after receiving military orders that permanently reassign the servicemember from the continental United States to a location outside the continental United States or from a State outside the continental United States to any location outside that State, or after receiving military orders to deploy for at least 180 days. *See* 50 U.S.C. § 3955(b)(2).

5. Within 30 days of the effective date of the lease termination, the lessor must refund to the servicemember any rent or lease payments made in advance for a period after the effective date of the termination of the lease. *See* 50 U.S.C. § 3955(f).

6. A lessor who fails to refund to a servicemember any prepaid rent or lease payments for the period after lease termination violates that servicemember's federally protected rights under the SCRA.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 50 U.S.C. § 4041.

8. Defendant has its headquarters and principal place of business at One Nissan Way, Franklin, Tennessee, in the Middle District of Tennessee.

9. Venue is proper in this jurisdictional district under 28 U.S.C. § 1391(b) because Defendant's principal place of business is in the Middle District of Tennessee, and Defendant conducts business within the Middle District of Tennessee.

## DEFENDANT

10. Defendant is the automobile financial services arm of Nissan North America. Defendant offers two main options for financing a Nissan vehicle: purchase or lease. Defendant's Infiniti Financial Services division provides the same services for Infiniti vehicles. Defendant provides its products and programs to over 1,250 Nissan and Infiniti dealers nationwide.

## FACTUAL ALLEGATIONS

**Motor Vehicle Leasing**

11. Leasing is a popular option for consumers seeking an automobile. When consumers lease automobiles, they are allowed use of the vehicle for a specified period of time, during which the consumer (or lessee) makes monthly payments for possession and use of the vehicle. At the conclusion of the lease period, the consumer usually has the option either to return the vehicle to the dealership or to purchase the vehicle outright.

3

12. Often, the lessee contributes an up-front monetary amount at lease signing, in the form of a cash payment, credit for a trade-in vehicle, or rebates or other credits. A portion of this upfront amount is applied to the first-month's rent, and it may also be applied to certain up-front costs. The remainder, which is called the capitalized cost reduction ("CCR") amount, operates to reduce the monthly payment the lessee must make throughout the term of the lease.

13. Many servicemembers have leased motor vehicles from Defendant. Since 2008, Defendant has received requests from some of these servicemembers to terminate their motor vehicle leases pursuant to Section 3955 of the SCRA, including many instances involving leases where the servicemember had paid up front CCR amounts in the form of cash payments or vehicle trade-in credits. In such instances, at least until November 30, 2018, Defendant provided no refund of any portion of the CCR.

**United States' Investigation**

14. On December 16, 2016, the Department of Justice notified Defendant that it was opening an investigation into Defendant's compliance with Sections 3952 and 3955 of the SCRA, and requested documents from Defendant, including Defendant's SCRA policies and procedures, documents related to motor vehicle repossessions without a court order, documents related to lease termination requests under the SCRA, and complaints alleging violations of the SCRA.

15. The documents and information Defendant provided in response to the Department of Justice's request showed that, although Defendant has instituted some protocols related to checking customers' military status, it has repeatedly repossessed, without a court order, motor vehicles owned by SCRA-protected servicemembers. The documents also confirmed that Defendant did not, as a matter of policy or practice, refund any portion of CCR amounts to servicemembers who terminate their motor vehicle leases pursuant to Section 3955 of the SCRA.

4

## SERVICEMEMBER CIVIL RELIEF ACT VIOLATIONS

16. The SCRA provides that "[a]fter a servicemember enters military service, a contract by [a] servicemember for . . . the purchase of real or personal property (including a motor vehicle)" and "for which a deposit or installment has been paid by the servicemember before the servicemember enters military service," "may not be rescinded or terminated for a breach of terms of the contract . . . nor may the property be repossessed for such breach without a court order." 50 U.S.C. § 3952(a) (emphases added).

17. Since January 1, 2008, Defendant has conducted at least 113 repossessions of SCRA-protected servicemembers' motor vehicles without a court order.

18. Defendant's conduct with regard to repossessing servicemembers' motor vehicles constitutes a pattern or practice of violating Section 3952(a) of the SCRA, 50 U.S.C. § 3952(a).

19. Defendant's repossessions, without a court order, of motor vehicles owned by SCRA-protected servicemembers raise issues of significant public importance, as servicemembers and their families rely heavily on the use of their cars, and loss of those cars can create major distractions that can impede military readiness.

20. Servicemembers whose motor vehicles Defendant repossessed without court orders in violation of the SCRA are "person[s] aggrieved" pursuant to 50 U.S.C. § 4041(b)(2) and have suffered damages as a result of Defendant's conduct.

21. The SCRA further provides that "[t]he lessee on a [motor vehicle] lease . . . may, at the lessee's option, terminate the lease at any time after . . . the date of the lessee's military orders . . . ." 50 U.S.C. § 3955(a)(1). This option applies to leases "executed by or on behalf of a person who thereafter and during the term of the lease enters military service under a call or order specifying a period of not less than 180 days (or who enters military service under a call or order

specifying a period of 180 days or less and who, without a break in service, receives orders extending the period of military service to a period of not less than 180 days)." 50 U.S.C. § 3955(b)(2). It also applies to servicemembers who "while in military service, execute[ ] the lease and thereafter receive[ ] military orders– (i) for a permanent change of station– (I) from a location in the continental United States to a location outside the continental United States; or (II) from a location in a State outside the continental United States to any location outside that State; or (ii) to deploy with a military unit, or as an individual in support of a military operation, for a period of not less than 180 days." 50 U.S.C. § 3955(b)(2)(B).

22. Further, "[r]ents or lease amounts paid in advance for a period after the effective date of the termination of the lease shall be refunded to the lessee by the lessor . . . within 30 days of the effective date of the termination of the lease." 50 U.S.C. § 3955(f).

23. From at least January 1, 2008 until November 30, 2018, Defendant engaged in a pattern or practice of violating Section 3955(f) of the SCRA, 50 U.S.C. § 3955(f), by failing to refund *pro rata* portions of CCR amounts from cash payments or vehicle trade-in credit to eligible servicemembers who terminated their motor vehicle leases pursuant to Section 3955 of the SCRA.

24. Defendant's failures to refund *pro rata* portions of CCR amounts from servicemembers who terminated their motor vehicle leases pursuant to Section 3955 of the SCRA raise issues of significant public importance.

25. Servicemembers who terminated their motor vehicle leases pursuant to Section 3955 of the SCRA and were not refunded CCR amounts from cash payments or vehicle trade-in credit on a *pro rata* basis within 30 days of lease termination are "person[s] aggrieved" pursuant to 50 U.S.C. § 4041(b)(2) and have suffered damages as a result of Defendant's conduct.

6

26. Defendant's conduct was intentional, willful, and taken in disregard for the rights of servicemembers.

## RELIEF REQUESTED

WHEREFORE, the United States requests that the Court enter an ORDER that:

1. Declares that Defendant's conduct violated the Servicemembers Civil Relief Act, 50 U.S.C. § 3901, *et seq*.;

2. Enjoins Defendant, its agents, employees, and successors, and all other persons and entities in active concert or participation with them from:

    a. repossessing the motor vehicles of SCRA-protected servicemembers without court orders, in violation of the SCRA, 50 U.S.C. § 3952;

    b. failing to refund Capitalized Cost Reduction amounts from cash payments or trade-in credit on a *pro rata* basis following a servicemember's lease termination pursuant to Section 3955 of the SCRA, 50 U.S.C. § 3955;

    c. failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, each identifiable victim of Defendant's illegal conduct to the position he or she would have been in but for that illegal conduct; and

    d. failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any illegal conduct in the future and to eliminate, to the extent practicable, the effects of Defendant's illegal conduct;

3. Awards appropriate monetary damages to each identifiable victim of Defendant's violations of the SCRA, pursuant to 50 U.S.C. § 4041(b)(2); and

4. Assesses civil penalties against Defendant in order to vindicate the public interest, pursuant to 50 U.S.C. § 4041(b)(3).

The United States further requests such additional relief as the interests of justice may require.

| | |
|---|---|
| DONALD Q. COCHRAN<br>United States Attorney<br>Middle District of Tennessee<br><br>s/ Sarah K. Bogni<br>SARAH K. BOGNI (BPR #28326)<br>Assistant U.S. Attorney<br>United States Attorney's Office<br>Middle District of Tennessee<br>110 9th Avenue South, Suite A-961<br>Nashville, Tennessee 37203<br>Email: sarah.bogni@usdoj.gov<br>Telephone: 615-736-5151 | WILLIAM P. BARR<br>Attorney General<br><br>s/ Eric S. Dreiband<br>ERIC S. DREIBAND<br>Assistant Attorney General<br>Civil Rights Division<br><br>s/ Sameena Shina Majeed<br>SAMEENA SHINA MAJEED<br>Chief<br>Housing & Civil Enforcement Section<br><br>s/ Elizabeth A. Singer<br>ELIZABETH A. SINGER<br>Director,<br>U.S. Attorneys' Fair Housing Program<br><br>s/ Alan A. Martinson<br>ALAN A. MARTINSON<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Rights Division<br>Housing & Civil Enforcement Section<br>950 Pennsylvania Ave. NW – NWB<br>Washington, D.C. 20530<br>Email: alan.martinson@usdoj.gov<br>Telephone: 202-616-2191<br>Fax: 202-514-1116 |